

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00024-CR

---

PAUL JOAQUIN PONCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 65,591-A, Honorable John B. Board, Presiding by Assignment

---

August 31, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Paul Joaquin Ponce, appeals from the trial court's judgment adjudicating guilt and convicting him of the aggravated sexual assault of a child.[1] After initially adjudicating guilt, the trial court ordered the preparation of a presentence investigation report (PSI) per article 37.07, section 3(d) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d). Mention was made of the

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(3)(B).

report at the sentencing hearing. The record does not indicate whether it was admitted into evidence, though. Nor does it indicate if the trial court considered it prior to levying sentence. Yet, the trial court apparently alluded to it at the hearing. Since then, appellate counsel attempted to obtain a copy of the document from various sources, including the community supervision department, trial counsel, and the prosecutor. He met with no success.

Before us is *Appellant's Motion to Abate Appeal.* Through it, he seeks supplementation of the appellate record with a copy of the PSI. By order dated August 17, 2022, the motion was denied without prejudice, and appellant was given until August 24, 2022, to provide information or authority showing the trial court had considered the document or intended it to be part of the hearing record susceptible to consideration on appeal. In response to this Court's order, appellant filed a subsequent *Motion to Abate Appeal* seeking reconsideration of this Court's denial of the original motion. By Order of the Court, we grant the motion, abate the appeal, and remand the cause to the trial court. On remand, the trial court is directed to hold a hearing upon notice to the parties and determine the following matters:

(1) whether a PSI was prepared by the community supervision office; and, if so,

(2) whether it was admitted into evidence for purposes of sentencing.

Should the trial court determine that a PSI was prepared and admitted into evidence, it shall cause a copy of the PSI to be included in a supplemental clerk's record with any necessary findings of fact and conclusions of law. The supplemental clerk's record shall be filed on or before September 30, 2022. Appellate briefing deadlines are suspended until further order of the Court.

2

It is so ordered.

Per Curiam

Do not publish.